# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 00-CR-140-TCK |
| | ) | (09-CV-193-TCK) |
| WESLEY SYLVESTER HOLT, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 21), filed by Defendant Wesley Sylvester Holt, a federal inmate appearing *pro se*. The government filed a response (Dkt. # 27), opposing the sentencing relief sought by Defendant. Defendant filed a reply (Dkt. # 30). For the reasons discussed below, the Court finds Defendant is entitled to reopening of his sentence. His amended § 2255 motion shall be granted.

As a preliminary matter, the Court finds that because the amended § 2255 motion supersedes and replaces the original § 2255 motion, the original motion shall be declared moot.

### *BACKGROUND*

The record reflects that on April 2, 2001, Defendant was convicted at the conclusion of a bench trial of Felon in Possession of a Firearm and Ammunition. See Dkt. # 10. On June 28, 2001, the Court applied the Armed Career Criminal Act ("ACCA") and sentenced Defendant to 180 months imprisonment. See Dkt. # 14. At the time of his sentencing, Defendant lodged no objection to the Presentence Report ("PSR"). Id.; see also PSR Addendum. As a result, the Court adopted the PSR. See Dkt. # 14. Defendant did not appeal his conviction or sentence.

On April 6, 2009, Defendant filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence (Dkt. # 18). He filed an amended motion (Dkt. # 21) on February 16, 2010. He asserts that

he is entitled to relief from his sentence based on the Supreme Court's decisions entered in Chambers v. United States, 555 U.S. 122 (2009), and Begay v. United States, 553 U.S. 137 (2008).

*ANALYSIS*

Defendant claims that he is entitled to sentencing relief because one of his prior convictions, an escape conviction entered in Oklahoma County District Court, Case No. CRF-90-458, no longer qualifies as a predicate offense for enhancement of his sentence under the ACCA. The government responds that Defendant is not entitled to relief from his sentence because the holding of Chambers does not apply to Petitioner's escape conviction.

Under Tenth Circuit law in effect at the time of Defendant's sentencing, every escape was a violent felony under the ACCA. See United States v. Moore, 401 F.3d 1220, 1225 (10th Cir. 2005); United States v. Moudy, 132 F.3d 618, 620 (10th Cir. 1998). On January 13, 2009, however, the Supreme Court decided Chambers v. United States, 555 U.S. 122, 127-30 (2009), holding that certain types of escapes are not violent felonies within the meaning of the ACCA. Specifically, the Supreme Court distinguished passive "failure to report" incidents--including failure to report to a penal institution, failure to report for periodic imprisonment, failure to return from furlough, and failure to return from work or day release--from aggressive behavior more likely to involve a risk of physical harm underlying an escape from custody. Id. at 126-27.

To determine whether a prior conviction qualifies as a "violent felony" under the ACCA, the Court uses a categorical approach, looking "only to the statutory definitions of the prior offenses, and not the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575, 600 (1990). If a statute encompasses both conduct that would qualify as a predicate offense and conduct that would not, the Court employs a "modified categorical approach." United States v.

2

Wise, 597 F.3d 1141,1144 (10th Cir. 2010).¹ That approach requires the Court to "look to the statutory elements, the defendant's charging documents, plea agreement and colloquy (if any), and uncontested facts found by the district judge to determine whether the particular defendant's conduct violated the portion of the statute that is a crime of violence." Id. at 1144.

In this case, Defendant was convicted of escape in violation of Okla. Stat. tit. 21, § 443(B) (1988). That statute provides as follows:

> Any person who is an inmate confined in any institution or facility operated by the Department of Corrections who escapes from said confinement, either while actually confined therein, while assigned to the house arrest program authorized by Section 510.2 of Title 57 of the Oklahoma Statutes, while assigned to the Preparole Conditional Supervision Program as authorized by Section 8 of this act or while permitted to be at large as a trusty, shall be punishable by imprisonment of not less than two (2) years nor more than seven (7) years.

Okla. Stat. tit. 21, § 443(B). The next subsection of the escape statute provides that "an inmate assigned to house arrest or to the Preparole Conditional Supervision Program shall be considered to have escaped if the inmate cannot be located within a twenty-four hour period or if he fails to report to a confining facility or institution, as directed." Okla. Stat. tit. 21, § 443©. Thus, Oklahoma's escape statute encompasses both escapes that qualify as violent felonies after Chambers and "failure to report" escapes, which are excluded under Chambers. As a result, this Court will apply the "modified categorical approach" to evaluate whether Defendant's escape conviction

---

¹Although the issue in Wise involved sentence enhancement under the career offender provision of USSG § 4B1.2, as opposed to sentence enhancement under the ACCA, "the definition of crime of violence contained in USSG § 4B1.2(a) is virtually identical to that contained in the ACCA." United States v. Tiger, 538 F.3d 1297, 1298 (10th Cir. 2008); see also United States v. Thomas, --- F.3d ---, 2011 WL 2620644, *3 (10th Cir. 2011) ("Because of this commonality of language in the residual clauses of the ACCA and USSG § 4B1.2(a), we have consistently interpreted them identically.").

qualified as a violent felony. United States v. Harris, 329 Fed. Appx. 202, 204 (10th Cir. 2009) (unpublished)[2]; see also United States v. Charles, 576 F.3d 1060, 1069-70 (10th Cir. 2009).

In response to the amended § 2255 motion, the government has provided the Information filed in Oklahoma County District Court, Case No. CF-90-458. See Dkt. # 27, Ex. A. That document reflects that Defendant was charged with escape as follows:

> On or about the 17th day of January, 1990, A.D., the crime of escape from penitentiary was feloniously committed in Oklahoma County, Oklahoma by Nelson Clay Pickett and Wesley Sylvester Holt, who acting jointly, wilfully and wrongfully escaped from the custody of the Clara Waters Community Treatment Center, a facility operated by the Department of Corrections, while they were inmates of said facility, contrary to the provisions of Section 443(B) of Title 21 of the Oklahoma Statutes, and against the peace and dignity of the State of Oklahoma.

(Dkt. # 27, Ex. A). The Judgment entered against Defendant in Case No. CF-90-458, provided that Defendant "properly entered his plea of guilty to the crime of Escape from a Penitentiary AFC (1) felony." See Dkt. # 27, Ex. B. Thus, the state court documents reflect that Defendant escaped, along with another inmate, from a community treatment center. Nothing in those documents suggest that Defendant did anything more than walk away from the community treatment center.

In response to the § 2255 motion, the government invites the Court to rely on factual information contained in the PSR prepared for this case. The PSR provides the following description of the facts surrounding Defendant's 1990 Oklahoma County escape conviction:

> On January 17, 1990, while an inmate at the Clara Waters Community Treatment Center, Oklahoma Department of Corrections, Oklahoma City, Oklahoma, Holt and another inmate drove away from a work release site at the Blue Beacon Truck Wash in a stolen tractor-trailer rig. Prior to leaving, Holt and his accomplice forced the owner to cash their paychecks. See escape conviction in paragraph twenty-six.

---

[2]This and any other unpublished disposition are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

4

See PSR at ¶ 24. However, a sentencing court may not rely upon a PSR's recitation of the underlying facts of the crime resulting in the prior conviction—even if uncontested—at least where the "information contained [with]in [the] presentence report [does not itself] come from an identified, acceptable source [that] can constitute evidence under [the] modified categorical approach." United States v. Corona–Sanchez, 291 F.3d 1201, 1212–13 (9th Cir. 2002) (en banc) (finding that a PSR is insufficient to establish the elements of the crime if "all it does is recite the facts of the crimes as alleged in the charging papers" without indicating whether the information came "from a source that we have previously deemed acceptable, such as a signed plea agreement, a transcript of the plea hearing, or a judgment of conviction"), *superseded on other grounds by* USSG § 2L1.2, cmt. n.4 (2002); accord United States v. Kelly, 422 F.3d 889, 895-896 (9th Cir. 2005). Here, nothing in the PSR identifies the source of the information concerning Defendant's 1990 escape. Thus, the statement contained in the PSR cannot be relied on by the Court in determining whether Defendant's prior escape conviction qualifies as a predicate offense under the ACCA. See Taylor v. United States, 495 U.S. 575, 599-602 (1990) (in applying categorical approach to determine whether a defendant qualifies for sentence enhancement under 18 U.S.C. § 924(e), trial court may not look to particular facts underlying prior felony convictions); United States v. Sanchez-Garcia, 501 F.3d 1208, 1211 (10th Cir. 2007) (stating that "modified categorical approach" does not involve a subjective inquiry into the facts of the case, but rather its purpose is to determine "which part of the statue was charged against the defendant and, thus, which portion of the statute to examine on its face").

The state court record provided by the government reflects that Defendant escaped from a community treatment center which is a non-secure or minimum security facility. Nothing in that

5

record suggests that Defendant did anything other than walk away from the facility. Extending the Chambers analysis to a "walkaway" escape, the relevant question for the Court is whether an offender who walks away from a minimum security facility "is significantly more likely than others to attack or physically to resist, an apprehender, thereby producing a serious potential risk of physical injury." Chambers, 555 U.S. at 128-29. Relying on the United States Sentencing Guidelines, see U.S.S.G. § 2P1.1(b)(3), the District of Kansas has determined that"[f]ederal law supports regarding walkaway escapes as 'a meaningfully distinct and meaningfully distinguishable category of escape.'" United States v. Charles, 667 F.Supp.2d 1246, 1257 (D. Kan. 2009) (quoting United States v. Ford, 560 F.3d 420, 424 (6th Cir. 2009)). As noted in Charles, both the Sixth and Seventh Circuits have concluded that walkaways do not present the same risks or same kind of purposeful, violent and aggressive behavior as escapes from secure custody. Charles 667 F.Supp.2d at 1258 (citing Ford, 560 F.3d at 426 ("[A] walkaway is not a crime of violence."); United States v. Templeton, 543 F.3d 378, 383 (7th Cir. 2008) ("A walkaway is not a crime of violence under Begay."); but see United States v. Delgado, 320 Fed. Appx. 286, 287 (5th Cir. 2009)). Looking to the Report on Federal Escape Offenses in Fiscal Years 2006 and 2007, reprinted in part as Appendix B to the Chambers, 555 U.S. at 131, only a small percentage of violent incidents (only 1.7 % of the cases involved force and 1.7% involved injury) occurred during escapes from non-secure custody.[3] Those statistics support the conclusion that Defendant's Oklahoma County escape from a non-secure

---

[3]Although Defendant's escape was from a state facility, the Court finds it instructive to look to definitions provided in the United States Sentencing Guidelines for interpreting the analysis used in Chambers and attempting to apply that analysis in this case. Application note one to U.S.S.G. § 2P1.1(b)(3) defines "non-secure custody" as "custody with no significant physical restraint (*e.g.*, where a defendant walked away from a work detail outside the security perimeter of an institution; where a defendant failed to return to any institution from a pass or unescorted furlough; or where a defendant escaped from an institution with no physical perimeter barrier)."

or minimum security facility had low potential for risk of physical injury or of violence in his later apprehension. The Court finds that Defendant's Oklahoma County escape does not qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B).

In summary, the Court concludes that Defendant's escape conviction does not qualify as a "violent offense" under the ACCA. Without the escape conviction, Defendant had only two prior felony offenses qualifying as predicate offenses under the ACCA: a First Degree Burglary conviction entered in Oklahoma County District Court, Case No. CRF-79-5023; and a First Degree Burglary conviction entered in Oklahoma County District Court, Case No. CRF-83-4124. Defendant does not qualify for sentence enhancement under the ACCA. Therefore, this matter shall be set for resentencing. An attorney shall be appointed to represent Defendant at resentencing.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's original 28 U.S.C. § 2255 motion(Dkt. # 18) is **declared moot**.

2. Defendant request for sentencing relief asserted in his amended 28 U.S.C. § 2255 motion (Dkt. # 21) is **granted**.

3. Resentencing is set for **January 5, 2012, at 2:30 p.m., in the 2nd floor courtroom of the Federal Building, 224 South Boulder Ave., Tulsa, Oklahoma.** The Government is directed to make arrangements for Defendant's presence at resentencing.

4. An attorney shall be appointed to represent Defendant at the resentencing.

SO ORDERED this 7th day of September, 2011.

*Terence C Kern*
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE